PETER E. MASAITIS (Bar No. 202006)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: peter.masaitis@alston.com

Attorneys for Plaintiff,
**ABFS CAPITAL, LLC**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT, COUNTY OF LOS ANGELES
## WESTERN DIVISION

| | |
|---|---|
| ABFS CAPITAL, LLC, a California corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>NORTH JACKSON PHARMACY, INC., an Alabama corporation, BRYAN HICKS, an individual, and KEATON LANGSTON, an individual.<br><br>            Defendants. | Case No.: 2:20-cv-00062<br><br>**COMPLAINT FOR:**<br><br>(1) **BREACH OF CONTRACT;**<br>(2) **CONVERSION;**<br>(3) **UNJUST ENRICHMENT/ RESTITUTION;**<br>(4) **MONEY HAD AND RECEIVED; AND**<br>(5) **OPEN BOOK ACCOUNT**<br><br>**Demand for Jury Trial** |

Plaintiff ABFS CAPITAL, LLC (hereinafter, "ABFS" or "Plaintiff") hereby allege as follows:

## PARTIES TO THE ACTION

1. ABFS is a corporation organized and existing under the laws of the State of California with its principal place of business in Woodland Hills, California.

2. ABFS is informed and believes that North Jackson is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in the City of Stevenson, in the State of Alabama.

3. Defendant BRYAN HICKS ("Hicks") is an individual who ABFS alleges on information and belief is, or was at all times relevant to this Complaint, a partial owner of North Jackson. On information and belief, Hicks is a resident of Alabama.

4. Defendant KEATON LANGSTON ("Langston") is an individual who ABFS alleges on information and belief is, or was at all times relevant to this Complaint, a partial owner of North Jackson. On information and belief, Langston is a resident of Mississippi.

## VENUE AND JURISDICTION

5. Defendants are subject to the personal jurisdiction of this Court and venue is proper because the acts and omissions giving rise to the claims asserted in this action and the injury to Plaintiff took place in Los Angeles County, California.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that complete diversity exists between the plaintiff and defendants, and the amount in controversy exceeds $75,000.00.

## GENERAL ALLEGATIONS

7. Plaintiff is in the business of making business to business loans.

8. Defendant North Jackson is in the business of operating a pharmacy.

9. Defendant North Jackson entered into a Pharmacy Accounts Receivable Purchase & Security Agreement (the "Contract") with Plaintiff, whereby North Jackson sold certain of its accounts receivable to Plaintiff.

10. Defendants Hicks and Langston were the joint owners of North Jackson at the

time North Jackson obligated itself to the terms of the Contract.

11. During the course of their business relationship, Plaintiff paid Defendant North Jackson over $1,117,000.00 pursuant to the terms of their Contract in exchange for the rights to collect on certain of North Jackson's accounts receivable.

12. Pursuant to the terms of the Contract, and Authorizations provided by North Jackson, third-party Arete Pharmacy Network ("Arete") was authorized and obligated to transfer funds collected on North Jackson's accounts receivable to ABFS.

13. Beginning in approximately May of 2019, Arete ceased transferring funds collected on North Jackson's accounts receivable to ABFS, and later began improperly transmitting those funds to North Jackson.

14. On information and belief, North Jackson retained certain funds improperly transferred to it, which belong to ABFS.

15. On November 5, 2019, North Jackson announced that as of November 1, 2019, the ownership of North Jackson had been transferred from Defendants Hicks and Langston to a new owner.

16. On information and belief, Hicks and Langston have divested themselves of ownership of, and obligations for, North Jackson but have improperly retained certain funds received from ABFS in violation of the terms of the Contract, and have also retained funds received from Arete intended to repay ABFS that were improperly transferred to North Jackson.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
### (Against North Jackson)

17. Plaintiff incorporates herein by reference each and every allegation in all prior paragraphs, as though fully set forth herein.

18. North Jackson entered into a Pharmacy Accounts Receivable Purchase & Security Agreement (the "Contract") with Plaintiff, whereby North Jackson sold certain of its accounts receivable to Plaintiff.

19. Plaintiff has performed all terms of the parties' Contract except for those whose performance has been excused by North Jackson's conduct.

20. North Jackson breached the Contract by failing to provide to Plaintiff the monies collected on its accounts receivable that Plaintiff had purchased.

21. As a proximate cause of North Jackson's breaches of the parties' Contract, Plaintiff has suffered damages in an amount to be determined according to proof at the time of trial, in an amount not less than $759,570.73. Plaintiff is entitled to all available incidental and consequential damages flowing from said breaches.

## SECOND CAUSE OF ACTION

## CONVERSION

**(Against All Defendants)**

22. Plaintiff incorporates herein by reference each and every allegation in all prior paragraphs, as though fully set forth herein.

23. Neither North Jackson, nor Hicks and/or Langston, is entitled to retain possession of Plaintiff's $759,570.73, or any part of it, that, on information and belief, was improperly transferred by Arete to North Jackson.

24. Plaintiff is the owner of, and has the right to possess, the $759,570.73, and all parts of it, that North Jackson, Hicks and/or Langston received from Arete, but that was required to have been transmitted to Plaintiff.

25. By failing to transmit to Plaintiff the $759,570.73, or any part of it, that Defendants, on information and belief, improperly received from Arete, Defendants have wrongfully exercised dominion over Plaintiff's property.

26. Between the time of Defendants' conversion of the $759,570.73 and the filing of this action, Plaintiff has expended time and money in an effort to recover possession of the funds. Plaintiff is entitled to recover damages, in an amount to be proven at trial, to reimburse Plaintiff for the time and money expended to recover possession of the funds.

///

///

### THIRD CAUSE OF ACTION

### UNJUST ENRICHMENT/RESTITUTION

**(Against All Defendants)**

27. Plaintiff incorporates herein by reference each and every allegation in all prior paragraphs, as though fully set forth herein.

28. On information and belief, Defendants have received the benefit of $759,570.73 of unearned payments from Arete that belong to Plaintiff. On information and belief, Defendants have retained the $759,570.73 which they are not entitled to, at the expense of Plaintiff.

29. As Defendants did nothing to earn the $759,570.73, it would be unjust for Defendants to retain said monies.

30. Between the time of Defendants' unjust enrichment and the filing of this action, Plaintiff has expended time and money in an effort to recover possession of the funds. Plaintiff is entitled to recover damages, in an amount to be proven at trial, to reimburse Plaintiff for the time and money expended to recover possession of the funds.

### FOURTH CAUSE OF ACTION

### MONEY HAD AND RECEIVED

**(Against All Defendants)**

31. Plaintiff incorporates herein by reference each and every allegation in all prior paragraphs, as though fully set forth herein.

32. On information and belief, Defendants have received and retained $759,570.73 of unearned payments from Arete that belong to Plaintiff. Defendants were not entitled to receive the $759,570.73, nor are they entitled to retain said monies.

33. The $759,570.73 belongs to Plaintiff, and Plaintiff is entitled to have said monies returned to them.

34. Between the time of Defendants' receipt of the $759,570.73 and the filing of this action, Plaintiff has expended time and money in an effort to recover possession of the funds. Plaintiff is entitled to recover damages, in an amount to be proven at trial, to

reimburse Plaintiff for the time and money expended to recover possession of the funds.

## FIFTH CAUSE OF ACTION

## OPEN BOOK ACCOUNT

(Against North Jackson)

33. Plaintiff incorporates herein by reference each and every allegation in all prior paragraphs, as though fully set forth herein.

34. North Jackson became indebted to Plaintiff on an open book account for money due in the sum of $759,570.73 for payments made by Plaintiff to North Jackson, pursuant to North Jackson's special request for Plaintiff to purchase North Jackson's accounts receivable and for which North Jackson agreed to re-pay.

35. Although demand for payment has been made, there is now due, owing, and unpaid from North Jackson to Plaintiff, the sum of $759,570.73, plus interest thereon calculated at the maximum rate allowed by law.

36. Plaintiff is entitled to recover attorneys' fees from North Jackson, the specific sum of which is at this time unknown and Plaintiff will seek leave of this Court to amend this Complaint to allege same with certainty once ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor as follows:

1. For judgment against North Jackson, Hicks and Langston, jointly and severally in the amount of at least $759,570.73, representing the total amount North Jackson currently owes under the Contract, as well as interest and damages according to proof and as allowed by law;

2. For attorneys' fees pursuant to the terms of the Contract;

///
///
///
///
///

3.   For costs of suit incurred; and

4.   For such other and further relief as the Court deems appropriate.

DATED:  January 3, 2020

PETER E. MASAITIS
**ALSTON & BIRD LLP**

_____
Peter E. Masaitis
Attorneys for Plaintiff
**ABFS CAPITAL, LLC**